# CIVIL COVER SHEET

%JS 44  (Rev 12 07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAKOTA CONDOMINIUM ASSOCIATION

**DEFENDANTS**
UPONOR, INC.

**(b)** County of Residence of First Listed Plaintiff   **CLARK COUNTY, NV**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **DAKOTA COUNTY, MN**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
SEE ATTACHMENT

Attorneys (If Known)
Peter C. Brown, Esq., Bremer Whyte Brown & O'Meara LLP, 7670 West Lake Mead Blvd., Suite 225, Las Vegas, NV 89128

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med  Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity).
28 U.S.C.S. 1441(a); 28 U.S.C.S. 1332(d)(2)(a)
Brief description of cause:
Products Liability; Strict Liability; Breach of Express and Implied Warranties; Breach of Warranty of

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE
05/18/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                 AMOUNT                 APPLYING IFP                 JUDGE                 MAG JUDGE

PLAINTIFF ATTORNEYS

Scott K. Canepa, Esq.
Terry W. Riedy, Esq.
CANEPA REIDY & RUBINO
851 S. Rampart Blvd., #160
Las Vegas, NV 89145
(702) 304-2335


Robert C. Maddox, Esq.
Troy L. Isaacson, Esq.
ROBERT C. MADDOX & ASSOCIATES
3811 W. Charleston Blvd., #110
Las Vegas, NV 89102
(702) 366-1900

J. Randal Jones, Esq.
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway,
17th Floor
Las Vegas, NV 89169
(702) 385-6000

Francis Lynch, Esq.
LYNCH, HOPPER & SALZANO, LLP
231 S. Third St., #130
Las Vegas, NV 89101
(702) 868-1115

James C. Carraway, Esq.
CARRAWAY & ASSOCIATES, LLC
7674 West Lake Mead Blvd., Suite 215
Las Vegas, NV 89128
(702) 632-1580

1   PETER C. BROWN, ESQ.
    Nevada State Bar No. 5887
2   BREMER WHYTE BROWN & O'MEARA LLP
    7670 WEST LAKE MEAD BOULEVARD
3   SUITE 225
    LAS VEGAS, NV 89128
4   TELEPHONE:  (702) 258-6665
    FACSIMILE:  (702) 258-6662
5   pbrown@bremerandwhyte.com

6   Attorneys for Defendant,
    UPONOR, INC.
7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10  DAKOTA CONDOMINIUM ASSOCIATION, a  ) Case No.
11  Nevada non-profit community association,  )
    individually and in its representative capacity;  )
12  DOE Homeowner/Condominium/Community  )  **UPONOR, INC.'S NOTICE OF**
    Associations 1-10,000; DOE/ROE PERSONS 1-  )  **REMOVAL TO THE UNITED STATES**
13  250,00,                                        )  **DISTRICT COURT FOR THE**
                                                   )  **DISTRICT OF NEVADA**
14            Plaintiffs,                          )
                                                   )
15        vs.                                      )
                                                   )
16                                                 )
    WIRSBO COMPANY, an Illinois corporation;  )
17  UPONOR WIRSBO COMPANY, an Illinois  )
    company; UPONOR, INC., an Illinois  )
18  corporation; UPONOR CORPORATION, a  )
    Finnish corporation; UPONOR NORTH  )
19  AMERICA, INC., a Delaware corporation; DOE  )
    INDIVIDUALS 1-20,00 and ROE BUSINESS or  )
20  GOVERNMENTAL ENTITIES 1-20,000,  )
                                                   )
21            Defendants.                          )
                                                   )

22        **COMES NOW** UPONOR, INC., a Minnesota Corporation, by and through its counsel of
23  record, BREMER WHYTE BROWN & O'MEARA, LLP, and submits this Notice of Removal to
24  the United States District Court for the District of Nevada.
25        **PLEASE TAKE NOTICE** that UPONOR, INC., a Minnesota Corporation, hereby
26  removes the state action entitled "*DAKOTA CONDOMINIUM ASSOCIATION, a Nevada non-*
27  *profit community association, individually and in its representative capacity; DOE*
28  *Homeowner/Condominium/Community Associations v. WIRSBO COMPANY, an Illinois*

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

H: 1226.018 CF Uponor's Notice of Removal to US District Court.doc

1   *corporation; UPONOR WIRSBO COMPANY, an Illinois company; UPONOR, INC., an Illinois*

2   *corporation; UPONOR CORPORATION, a Finnish corporation, UPONOR NORTH AMERICA,*

3   *INC., a Delaware corporation;"* Case No. A638395, filed in the Eighth Judicial District Court for

4   the State of Nevada in and for the County of Clark to this Court.  The grounds for removal are:

5        1.     Removal is appropriate pursuant to 28 U.S.C. §1441(a) because this Court has

6   original jurisdiction over this proposed class action founded on Diversity of Citizenship pursuant to

7   28 U.S.C. §1332(d)(2)(A).  Pursuant to the claims set forth in Plaintiffs' Amended Complaint, the

8   matters in controversy allegedly exceed $5,000,000.00 based on Plaintiffs' alleged damages,

9   exclusive of interests and costs, and diversity exists between a member of the proposed class of

10   Plaintiffs and UPONOR, INC., as follows:

11           a.     Upon information and belief, a member of the proposed

12                 class of Plaintiffs is a citizen of the State of Nevada.

13           b.     Defendant UPONOR, INC. is a citizen of the State of

14                 Minnesota as it maintains its corporate offices in

15                 Minnesota and has its principal place of business in

16                 Minnesota as well.

17        2.     While UPONOR, INC. has not been formally served with Plaintiffs' Amended

18   Complaint it has received, informally, a copy of that pleading from Plaintiffs' counsel.  However,

19   UPONOR, INC. filed a Notice of Appearance and Initial Appearance Fee Disclosure on May 17,

20   2011.  This Notice is therefore timely filed within thirty (30) days of service, as required by 28

21   U.S.C. §1446(b).

22        3.     Pursuant to 28 U.S.C. 1446(a), UPONOR, INC., provides this Court with copies of

23   the following documents:

24           a.     **Amended Complaint**, attached hereto collectively as Exhibit "1";

25           b.     **Summons**, attached hereto collectively as Exhibit "2"

26           c.     UPONOR, INC.'s **Initial Appearance Fee Disclosure and Notice of**

27                 **Appearance** attached hereto collectively as Exhibit "3";

28

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

2

H 1226.018 CF Uponor's Notice of Removal to US District Court.doc

1            d.      UPONOR, INC.'s **Notice of Removal of Action** attached hereto as Exhibit

2            "4".

3        4.     A copy of this Notice is being filed concurrently with the clerk of the Clark County

4    District Court and served on Plaintiffs' counsel.

5    Dated: May _13_, 2011             BREMER WHYTE BROWN & O'MEARA LLP

6

7                            By:

8                              Peter C. Brown, Esq.

9                              Nevada State Bar No. 5887
                               Attorneys for Third-Party Defendants
                               UPONOR, INC. and UPONOR
                               CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd.
Suite 225
Las Vegas NV 89128
(702) 258 6665

3

H: 1226 018 CF Uponor's Notice of Removal to US District Court.doc

<u>**CERTIFICATE OF FACSIMILE & MAILING**</u>

1

2    The undersigned hereby certifies that on the _____ day of May 2011, I served a copy of the

3    foregoing **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT**

4    **COURT FOR THE DISTRICT OF NEVADA** by transmitting via facsimile to the below

5    facsimile number and by causing a copy of the same to be duly deposited in the United States mail,

6    postage prepaid, addressed to:

7    Robert C. Maddox, Esq.
Troy L. Isaacson, Esq.

8    ROBERT C. MADDOX & ASSOCIATES
3811 W. Charleston Blvd., #110

9    Las Vegas, NV 89102

10    **FACSIMILE: (702) 366-1999**

11    Scott K. Canepa, Esq.
Terry W. Riedy, Esq.

12    CANEPA REIDY & RUBINO
851 S. Rampart Blvd., #160

13    Las Vegas, NV 89145

14    **FACSIMILE: (702) 304-2336**

15    J. Randal Jones, Esq.
KEMP, JONES & COULTHARD, LLP

16    3800 Howard Hughes Parkway,
17th Floor

17    Las Vegas. NV 89169

18    **FACSIMILE: (702) 385-6001**

19    Francis Lynch, Esq.
LYNCH, HOPPER & SALZANO, LLP

20    231 S. Third St.. #130

21    Las Vegas, NV 89101
**FACSIMILE: (702) 868-1114**

22

23    James C. Carraway, Esq.
CARRAWAY & ASSOCIATES, LLC

24    7674 West Lake Mead Blvd., Suite 215
Las Vegas, NV 89128

25    **FACSIMILE: (702) 632-1581**

26

27

28    An Employee of
BREMER WHYTE BROWN & O'MEARA, LLP

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas  NV  89128
(702) 258 6665

H: 1226.018 CE Uponor's Notice of Removal to US District Court.doc

EXHIBIT "1"

EXHIBIT "1"

Electronically Filed
04/27/2011 09:56:46 AM

**CLERK OF THE COURT**

1  **ACOM**
   SCOTT K. CANEPA, ESQ.
2  Nevada Bar No. 004556
   TERRY W. RIEDY, ESQ.
3  Nevada State Bar No. 003895
   CANEPA RIEDY & RUBINO
4  851 South Rampart Boulevard, Suite 160
   Las Vegas, Nevada 89145-4885
5  Tel. (702) 304-2335
   Fax:   (702) 304-2336
6
   ROBERT C. MADDOX, ESQ.
7  Nevada Bar No. 004002
   TROY L. ISAACSON, ESQ.
8  Nevada Bar No. 006690
   MADDOX, ISAACSON & CISNEROS
9  3811 W. Charleston, Suite 110
   Las Vegas, Nevada 89101
10 Tel. (702) 366-1900
   Fax (702) 366-1999
11
   J. RANDALL JONES, ESQ.
12 Nevada Bar No. 001927
   KEMP JONES & COULTHARD, LLP
13 3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, Nevada 89169
14 Tel. (702) 385-6000
   Fax (702) 385-6001
15
   FRANCIS LYNCH, ESQ.
16 Nevada Bar No. 004145
   LYNCH HOPPER & SALZANO, LLP
17 1640 Alta Drive, Suite 11
   Las Vegas, Nevada 89106
18 Tel. (702) 868-1115
   Fax (702) 868-1114
19
   JAMES C. CARRAWAY, ESQ.
20 Nevada Bar No. 007642
   CARRAWAY & ASSOCIATES, LLC
21 7674 W. Lake Mead Blvd. #215
   Las Vegas, Nevada 89128
22 Te. (702) 632-1580
   Fax (702) 632-1581
23 *Class Counsel*

24                    **DISTRICT COURT**

25               **CLARK COUNTY, NEVADA**

26                          * * *

27 DAKOTA  CONDOMINIUM  ASSOCIATION, )    CASE NO.    A638395
   INC., a Nevada non-profit community association, )  DEPT. NO.    XXII
28 individually and in its representative capacity:    )

*(left margin, vertical text)* CANEPA RIEDY & RUBINO  851 South Rampart Boulevard, Suite 160 · Las Vegas, Nevada 89145-4885  Telephone (702) 304-2335  Facsimile (702) 304-2336

| | |
|---|---|
| 1 DOE Homeowner/Condominium/Community )<br>Associations 1-10,000; DOE/ROE PERSONS 1 - )<br>2 250,000, )<br> )<br>3               Plaintiffs, )<br> )<br>4   vs. )<br> )<br>5 WIRSBO COMPANY, an Illinois corporation; )<br>UPONOR WIRSBO COMPANY, an Illinois )<br>6 company; UPONOR, INC., an Illinois corporation; )<br>UPONOR CORPORATION, a Finnish )<br>7 corporation, UPONOR NORTH AMERICA, INC., )<br>a Delaware corporation; DOE INDIVIDUALS 1- )<br>8 20,000 and ROE BUSINESS or )<br>GOVERNMENTAL ENTITIES 1-20,000, )<br>9 )<br> )<br>10               Defendants. )<br>_____ ) | **FIRST AMENDED COMPLAINT FOR<br>DAMAGES AND OTHER RELIEF**<br><br>*Exempt from Arbitration:*<br><br>*1. Declaratory Relief<br>2. Damages exceeding $50,000<br>3. Construction defects<br>4. Significant issues of public policy<br>5. Class action* |

11    COME NOW Plaintiffs, the DAKOTA CONDOMINIUM ASSOCIATION, INC., DOE

12  Homeowner/Condominium/Community Associations 1-10,000 and DOE/ROE PERSONS 1 - 250,000,

13  individually, in their representative capacities and as class representatives, and hereby complain, allege

14  and state as follows:

### I.
### INTRODUCTION

17    1.    This is a class action for damages and other relief brought pursuant to NRCP 23 and NRS

18  Chapter 40 on behalf of all similarly-situated owners of residences, Nevada Common Interest

19  Communities, and others in the Las Vegas Valley who have suffered damage as a result of owning

20  homes with, or whose members' homes contain, defective high zinc Wirsbo brand plumbing systems

21  and attendant high zinc brass plumbing components (which includes: ball valves, pressure reducing

22  valves, shut-off valves, angle stops, isolation valves, gate valves, recirculation pumps, swing check

23  valves, ice box shut-off valves, washing machine box shut-off valves and hose bibs).

### II.
### PARTIES

26    2.    At all times relevant hereto, the following Homeowner/Condominium/Community

27  Associations are Nevada Common Interest Communities who own and are responsible for the

28  maintenance and repair of certain real property located in the Las Vegas Valley, and hereby bring this

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335    Facsimile (702) 304-2336

1  action individually, as class representatives, in their representative capacities and on behalf of those who
2  are similarly-situated pursuant to the authority granted by Nevada law, including NRS Chapter 116, NRS
3  116.3102(1)(d), NRS Chapter 40 and by and through their governing documents, and have standing to
4  assert constructional defect claims for defective high zinc Wirsbo brand plumbing systems and attendant
5  high zinc brass plumbing components in their representative capacities on behalf of their members for
6  these common defects in individual units of a common-interest community. *D.R. Horton, Inc. v. Eighth*
7  *Judicial Dist. Court*, 215 P.3d 697 (Nev. 2009):

      A.    The DAKOTA CONDOMINIUM ASSOCIATION, INC., a non-profit
9  corporation organized and existing under and by virtue of the laws of the State
10  of Nevada.  At issue are 173 units in the Dakota condominium community
11  located at various addresses on Peachy Canyon Circle in Las Vegas, Nevada.
12        B.    DOE Homeowner/Condominium/Community Associations 1-10,000, whose
13  identities are presently unknown, are the subject of ongoing discovery, and
14  therefore are sued under fictitious names.  DOE/ROE
15  Homeowner/Condominium/Community Associations 1-10,000 are Nevada
16  Common Interest Communities who own and are responsible for the maintenance
17  and repair of certain real property located in the Las Vegas Valley by and through
18  the authority granted by Nevada law, including NRS Chapter 116, NRS
19  116.3102(1)(d), NRS Chapter 40 and by and through their governing documents,
20  and have standing to assert constructional defect claims for defective high zinc
21  Wirsbo brand plumbing systems and attendant high zinc brass plumbing
22  components in their representative capacities on behalf of their members for
23  these common defects in individual units of a common-interest community. *D.R.*
24  *Horton, Inc. v. Eighth Judicial Dist. Court*, 215 P.3d 697 (Nev. 2009).  Plaintiffs
25  will seek leave to amend this Complaint to allege their true names and capacities
26  as they are ascertained.
27      3.    At all times relevant hereto, the following persons, or their successors-in-interest, own
28  certain real property in the Las Vegas Valley with defective high zinc Wirsbo brand plumbing systems

1   and attendant high zinc brass plumbing components, and bring this action individually, as class
2   representatives and on behalf of those who are similarly-situated:

3           A.     DOE/ROE persons 1 - 250,000, whose identities are presently unknown, are the
4                   subject of ongoing discovery, and are therefore sued under fictitious names.
5                   DOE/ROE persons 1 - 250,000 are the owners of certain real property in the Las
6                   Vegas Valley with defective high zinc Wirsbo brand plumbing systems and
7                   attendant high zinc brass plumbing components and bring this action
8                   individually, as class representatives and on behalf of those who are similarly-
9                   situated. Plaintiffs will seek leave to amend this Complaint to allege their true
10                  names and capacities as they are ascertained.

11      4.     Plaintiffs seek declaratory relief to resolve any controversies regarding their capacity or
12  standing to sue, whether as the real party in interest or as a proper party or class representatives.

13      5.     The "Subject Homes" are all homes in the Las Vegas Valley which contain defective high
14  zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components. The defective
15  plumbing systems and components have prematurely failed due to dezincification corrosion of the high
16  zinc component parts. These defects have caused resulting damage to persons and/or property, including
17  but not limited to product failures, dezincification corrosion, leaks, blockages, loss of use and function
18  of the plumbing system and related improvements and/or appliances provided by others, resultant
19  damage to the Subject Homes and the work of others (e.g., water loss, damage to framing, drywall and/or
20  other building materials), resultant damage to water quality, economic losses including costs of
21  maintenance and/or repair, and all reasonable fees, costs, interest and/or expenses associated therewith.
22  These damages and others are expected to increase over time as the defective systems and components
23  continue to fail.

24      6.     Plaintiffs are informed and believe, and thereon allege, that the following defendants
25  are/were responsible for the design, development, testing, manufacture, distribution, supply, marketing,
26  sale and warranting of defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass
27  plumbing components in the Las Vegas Valley and/or were involved in the planning, development,
28  design, construction, warranting, repair, selection of materials, supply of materials, installation of

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 · Las Vegas, Nevada 89145-4855
Telephone: (702) 304-2335   Facsimile (702) 304-2336

-4-

1   materials and/or sale of the Subject Homes, which contain defective high zinc Wirsbo brand plumbing

2   systems and attendant high zinc brass plumbing components, and proximately caused the injuries and

3   damages herein alleged:

4       A.      Defendant UPONOR, INC. is a foreign (Illinois) company that designs, develops,

5               manufactures, distributes, markets, and sells plumbing and pipe products and

6               components into the State of Nevada by itself and/or by and through its alter-

7               egos, agents, predecessors in interest and/or other representatives.

8       B.      Defendant UPONOR CORPORATION is a Finnish corporation and parent of

9               Defendant UPONOR, INC. that designs, develops, manufactures, distributes,

10              markets, and sells plumbing and pipe products and components into the State of

11              Nevada by itself and/or by and through its alter-egos, agents, predecessors in

12              interest and/or other representatives.

13      C.      Defendant WIRSBO COMPANY is a foreign (Illinois) company that designs,

14              develops, manufactures, distributes, markets, and sells plumbing and pipe

15              products and components into the State of Nevada by itself and/or by and through

16              its alter-egos, agents, predecessors in interest and/or other representatives.

17      D.      Defendant UPONOR WIRSBO COMPANY is a foreign (Illinois) company that

18              designs, develops, manufactures, distributes, markets, and sells plumbing and

19              pipe products and components into the State of Nevada by itself and/or by and

20              through its alter-egos, agents, predecessors in interest and/or other

21              representatives.

22      E.      Defendant UPONOR NORTH AMERICA, INC. is a foreign (Delaware)

23              company that designs, develops, manufactures, distributes, markets, and sells

24              plumbing and pipe products and components into the State of Nevada by itself

25              and/or by and through its alter-egos, agents, predecessors in interest and/or other

26              representatives.

27

28

CANEPA RIEDY & RUBINO
85½ South Rampart Boulevard, Suite 160 · Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335   Facsimile (702) 304-2336

F.     Hereinafter Defendants UPONOR, INC.; UPONOR CORPORATION; WIRSBO COMPANY; UPONOR WIRSBO COMPANY and UPONOR NORTH AMERICA, INC. may collectively be referred to as "UPONOR".

G.     DOE INDIVIDUALS 1-20,000 and ROE BUSINESS or GOVERNMENTAL ENTITIES 1-20,000, whose identities are presently unknown, are the subject of ongoing discovery, and therefore are sued under fictitious names. DOE INDIVIDUALS 1-20,000 and ROE BUSINESS or GOVERNMENTAL ENTITIES 1-20,000 were responsible for and engaged in the design, development, testing, manufacture, distribution, supply, marketing, sale and warranting of the defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components in the Las Vegas Valley and/or were involved in the planning, development, design, construction, warranting, repair, selection of materials, supply of materials, installation of materials and/or sale of the Subject Homes, which contain defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass components, and proximately caused the injuries and damages herein alleged. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities as they are ascertained.

7.     Hereinafter Defendants UPONOR; DOE INDIVIDUALS 1-20,000 and ROE BUSINESS or GOVERNMENTAL ENTITIES 1-20,000 may be collectively referred to as "Defendants".

8.     On March 5, 2010, Plaintiff DAKOTA CONDOMINIUM ASSOCIATION, INC., individually, on behalf of its members and on behalf of similarly situated homeowners associations and homeowners put UPONOR on NRS Chapter 40 notice of constructional defects notifying it/them that the high zinc Wirsbo brand plumbing systems and attendant high zinc brass components installed at the Dakota condominium community and throughout the Las Vegas Valley are unsuitable for use and are defective because they corrode under normal and reasonably foreseeable use. By letter dated March 22, 2010, UPONOR disclaimed responsibility, contending that it/they did not qualify as a "subcontractor" or "supplier" as set forth in the NRS Chapter 40 statutory scheme and that NRS Chapter 40 does/did not

-6-

1    apply to it/them. **Exhibit 1**. Therefore, it is/was not necessary for other Plaintiffs, including other class

2    representatives, to provide Chapter 40 notice to UPONOR.

3         9.      Based on a valid and reliable representative sampling, Plaintiffs allege that the defective

4    high zinc Wirsbo brand plumbing systems and attendant high zinc brass component defects are original

5    common defects that exist in the Subject Homes, as stated above, unless otherwise repaired, altered or

6    modified subsequent to original sale.

7         10.     Plaintiffs allege and assert that they have had to obtain legal counsel with the firms

8    Canepa, Riedy & Rubino; Maddox, Isaacson & Cisneros; Kemp Jones & Coulthard, LLP; Lynch Hopper

9    & Salzano, LLP and Carraway & Associates, LLC to represent them in the underlying claim and in this

10   legal action, and therefore they are entitled by NRS Chapter 40, other statutes and common law to

11   recover, amongst other damages and entitlements therein, their reasonable attorney's fees, expert fees,

12   costs, expenses and interest upon the same as part of any judgment rendered in this matter.

13                                              **III.**
                                    **JURISDICTION AND VENUE**
14

15        11.     This Court has jurisdiction in this matter, and venue is proper, in that the basis of this

16   Complaint arises from Defendants' design, development, testing, manufacture, distribution, supply,

17   marketing, sale and warranting of the defective high zinc Wirsbo brand plumbing systems and attendant

18   high zinc brass plumbing components in the Las Vegas Valley and/or from Defendants' planning,

19   development, design, construction, warranting, repair, selection of materials, supply of materials,

20   installation of materials and/or sale of the Subject Homes, which are all located in the Las Vegas Valley,

21   and which contain defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass

22   components.

23                                              **IV.**
                                    **CLASS ACTION ALLEGATIONS**
24

25        12.     A class action is alleged pursuant to Rule 23 of the Nevada Rules of Civil Procedure. The

26   class consists of owners of residences, Nevada Common Interest Communities, and others in the Las

27   Vegas Valley whose homes, or whose members' homes, contain defective high zinc Wirsbo brand

28   plumbing systems and attendant high zinc brass plumbing components.

                                                -7-

13.     The class consisting of all similarly-situated owners of residences, Nevada Common Interest Communities and others in the Las Vegas Valley, whose homes, or whose members' homes, contain defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components is so numerous that joinder would be impractical and disposition of their claims in a class action is in the best interests of the parties and judicial economy.

14.     This action involves questions of law and fact common to each member of the class, in that all members of the class have suffered damages as a result of the installation of defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components in their homes or in their members' homes.

15.     The claims of Plaintiffs, and relief herein sought, are typical of the claims and relief which could be prayed for as to each member of the class generally.

16.     Plaintiffs can fairly and adequately protect the interests of all members of the class. The Subject Homes all contain defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components.

17.     Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party or parties opposing the class.

18.     Class Counsel has the experience, knowledge, and resources to adequately and properly represent the interests of the class.

## V.
## GENERAL ALLEGATIONS

19.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, Defendants, including DOES and ROES, were the officers, agents, employees, representatives, affiliates and/or alter egos of each other in doing the things alleged herein and in so doing were acting in the scope of their respective authority and agency.

20.     Defendants are "Contractors", "Subcontractors" and/or "Suppliers" as those terms are understood and defined by NRS 40.620, 40.632 and 40.634.

-8-

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4865
Telephone (702) 304-2335   Facsimile (702) 304-2336

21.     Wirsbo PEX, which was installed and used in the Subject Homes, is a plastic pipe product designed to distribute potable water.  It is made of crosslinked polyethelene.  Polyethylene, referred to as PE, is the raw material and the X refers to the crosslinking of the polyethylene across its molecular chains.

22.     Brass is an alloy primarily composed of copper and zinc.  The high zinc Wirsbo brass fittings and other attendant high zinc brass plumbing components installed and used as part of the plumbing systems in the Subject Homes are corroding due to a well-known chemical reaction called dezincification.  "High zinc" means having a zinc content of greater that 15% and/or not otherwise treated to resist dezincification.  Dezincification is a form of selective leaching, or removal of an element (zinc) from the brass alloy by corrosion.  As a result, the high zinc brass fittings and attendant components become porous, brittle and blocked with zinc oxide and/or zinc carbonate, inevitably leading to restricted water flow, corrosion, cracks and leaks.  Therefore, the installation and use of high zinc brass fittings and attendant high zinc brass plumbing components in the Subject Homes causes substantial injury/damage to Plaintiffs by impairing the ability of the plumbing system to effectively operate as a domestic water delivery system.

23.     Plaintiffs are informed and believe, and thereon allege, that the above-referenced high zinc brass plumbing deficiencies and defective conditions have proximately caused damage to Plaintiffs.  Said damages include, but are not limited to: dezincification corrosion, plumbing blockages, loss of function, loss of integrity, cracks, weeps, leaks, system failures and damage to other property, appliances and components.  Plaintiffs are informed and believe that these damages are pervasive and exist in the Subject Homes.

24.     The Subject Homes may have suffered damages in other ways and to other extents not presently known to Plaintiffs, and not specified above.  Plaintiffs reserve the right to amend this Complaint upon discovery of any additional damages not referenced herein, and/or to present evidence of the same at the time of trial of this action.

25.     Based on a valid and reliable representative sampling, other property inspections, Association maintenance and/or repair records, and based on expert investigation and work, Plaintiffs allege that the plumbing system defects described above with particularity are original common defects

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335   Facsimile (702) 304-2336

-9-

1  that exist in the Subject Homes, as stated above, unless the homes were otherwise repaired, altered or

2  modified subsequent to original sale.

3       26.    Plaintiffs allege and assert that their claim and this legal action have all been brought in

4  a timely manner and within the applicable statute of limitations and repose periods.

5       27.    Plaintiffs allege and assert that they have had to obtain legal counsel with the firms of

6  Canepa, Riedy & Rubino; Maddox, Isaacson & Cisneros; Kemp Jones & Coulthard, LLP; Lynch Hopper

7  & Salzano, LLP and Carraway & Associates, LLC to represent them in the underlying claim and in this

8  legal action, and that they are entitled by NRS Chapter 40, other statutes and common law to recover,

9  amongst other things and entitlements therein,  reasonable attorney's fees, expert fees, costs, expenses

10  and interest upon the same as part of any judgment rendered in this matter.  Furthermore, due to

11  UPONOR's disclaimer of liability and/or other conduct, Plaintiffs may be entitled to extra-statutory

12  damages according to proof, including but not limited to personal and/or punitive damages.

13       28.    Pursuant to NRS §40.600 through 40.695 inclusive and to the fullest extent of the law,

14  Plaintiffs seek recovery for injuries and/or damages.  Plaintiffs' damages exceed $10,000.00.

### VI.
### FIRST CAUSE OF ACTION
**(Breach of Implied Warranties of Fitness for Particular Purpose, Merchantability, Habitability, Quality, and Workmanship)**

18       29.    Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint

19  as though fully set forth herein.

20       30.    Plaintiffs are informed and believe, and thereon allege, that Defendants, including DOES

21  and ROES, were engaged in and were responsible for the design, development, testing, manufacture,

22  distribution, supply, marketing, sale and warranting of defective high zinc Wirsbo brand plumbing

23  systems and attendant high zinc brass plumbing components installed and used in the Las Vegas Valley

24  and/or were involved in the planning, development, design, construction, warranting, repair, selection

25  of materials, supply of materials, installation of materials and/or sale of the Subject Homes, which

26  contain defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass components,

27  and that Plaintiffs were intended third-party beneficiaries of each and every such act and/or warranty.

28

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-9335   Facsimile (702) 304-2336

31.     By designing, making, marketing, supplying, selecting, installing and/or causing the high zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components to be installed in the Subject Homes, Defendants expressly and/or impliedly warranted that said systems and components were free of defective materials, were of merchantable quality, were suitable and fit for the ordinary purpose for which said systems and components were intended, were safe, were proper, and that the Subject Homes were constructed in a workmanlike manner and were habitable.  Defendants also actively sought to distribute their products in this marketplace by making certain representations and warranties about their plumbing system to national, state and/or local agencies, such as local building authorities, wherein the product system was marketed and sold as approved for use in accordance with national, state and/or local laws.  As a result of such representations and warranties, national, state and/or local agencies approved the high zinc Wirsbo brand plumbing system and attendant plumbing component parts for use, conveying such defective information and warranties to Plaintiffs.

32.     Further, Defendants impliedly warranted that the high zinc Wirsbo brand plumbing systems and attendant brass plumbing components were fit for the particular purpose they were intended, and that said systems and components would perform in a defect-free manner.

33.     Plaintiffs purchased their homes in reliance on the implied warranties and/or promises made by the Defendants, including DOES and ROES, and each of them.

34.     Plaintiffs are informed and believe, and thereon allege, that Defendants, including DOES and ROES, breached said warranties by failing to adequately and properly develop, design, manufacture, assemble, distribute, market, sell, warrant, select materials, install and/or cause to be installed the high zinc Wirsbo brand plumbing systems and attendant plumbing components in the Subject Homes and/or by failing to provide defect-free plumbing systems and attendant plumbing components in the Subject Homes.

35.     Plaintiffs, or some of them, have notified Defendants, and each of them, of said breach of implied warranties and said Defendants have refused and continue to refuse to remedy these defects.

36.     As a direct and proximate result of the breaches of the implied warranties by Defendants, including DOES and ROES, and each of them as herein alleged, Plaintiffs have been, and will continue to be, caused damage as more fully described herein, including but not limited to product failures,

-11-

1  dezincification corrosion, leaks, blockages, loss of use and function of the plumbing systems and related

2  improvements and/or appliances provided by others, resultant damage to the Subject Homes and work

3  of others (e.g., water loss, damage to framing, drywall and/or other building materials), resultant damage

4  to water quality, economic losses including costs of maintenance and/or repair, and all reasonable fees,

5  costs, interest and/or expenses associated therewith  These damages and others are expected to increase

6  over time as the defective systems and components continue to fail.

7     37. As a further direct and proximate result of the breaches of the implied warranties by

8  Defendants, including DOES and ROES, and each of them as herein alleged, Plaintiffs have suffered

9  injuries and/or damages in an amount not fully known but believed to be within the jurisdiction of this

10  Court in that they have been and will hereafter be required to perform works of repair, restoration, and

11  construction to all or portions of the Subject Homes to prevent further damage and to restore the Subject

12  Homes to their proper condition. Plaintiffs will establish the amount of their damages at the time of trial

13  according to proof.

14     38. As a further direct and proximate result of the breaches of the implied warranties by

15  Defendants, including DOES and ROES, and each of them, Plaintiffs have been compelled to resort to

16  litigation against Defendants to judicially resolve their differences.  Plaintiffs request an award of

17  consequential damages, including, but not limited to attorney's fees and costs incurred herein, in

18  amounts to be established at the time of trial, which includes all fees and expenses incurred before the

19  filing of this complaint.

20     39. Plaintiffs hereby incorporate their prayers for relief as though set forth herein.

21     40. Plaintiffs are entitled to recover their attorney's fees, costs and expenses pursuant to NRS

22  40.600 et seq., NRS 116.4117, NRS 18.010 and other laws.

23  **VII.**<br>**SECOND CAUSE OF ACTION**

24  **(Breach of Express Warranties as Against Defendant UPONOR Only)**

25     41. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint

26  as though fully set forth herein.

27     42. Defendant UPONOR did prepare, distribute and provide express warranties as part of the

28  high zinc Wirsbo brand plumbing system. These warranties provide coverage for certain defects in the

CANEPA RIEDY & RUBINO<br>851 South Rancho Boulevard, Suite 400 • Las Vegas, Nevada 89145-4885<br>Telephone (702) 304-2335 Facsimile (702) 304-2336

1  plumbing system. These warranties were intended for use by customers and end users of the plumbing

2  system, including Plaintiffs, who relied upon such warranties and paid for them as part of the purchase

3  of their homes or assumption of duties related to the Subject Homes.

4      43.    Defendant UPONOR expressly warranted to Plaintiffs and/or their predecessors in

5  interest, or their public representatives, that the high zinc Wirsbo brand plumbing system was developed,

6  designed, manufactured and distributed in conformance with and any and all applicable safety standards,

7  building and product codes, standards and regulations. In so doing, Defendant UPONOR expressly

8  warranted that its product system was fit, sound and safe, and would remain so for a reasonable period

9  of time. Plaintiffs are further informed and believe, and thereon allege, that the express warranties made

10 and used by Defendant UPONOR has at all relevant times been written in the form of, by example, and

11 without limitation: product catalogues, instruction manuals, ASTM and/or other codes or standards,

12 advertising flyers, brochures, sales literature, promotional packages, signs, magazine and newspaper

13 articles and advertisements, all designed to promote the introduction and ultimate sale of the defective

14 high zinc Wirsbo brand plumbing system in this marketplace, and to promote the belief that said system

15 had been properly developed, designed, manufactured and distributed for use in this particular

16 jurisdiction. Further, Plaintiffs allege that the express warranties were also oral, including without

17 limitation, statements made to Plaintiffs and/or public representatives in introducing, marketing and

18 offering the plumbing system for approval and use in this jurisdiction.

19     44.    Plaintiffs purchased their homes in reliance of the express warranties, affirmations of fact,

20 and promises made by Defendant UPONOR. Plaintiffs, and each of them, have duly performed all the

21 conditions and covenants of said warranties on their part to be performed.

22     45.    Plaintiffs, or some of them, notified Defendant UPONOR of said breach of warranties,

23 and Defendant UPONOR has refused, and continues to refuse, to remedy the defective conditions at the

24 Subject Homes.

25     46.    As a direct and proximate result of the breaches of the express warranties by Defendant

26 UPONOR as herein alleged, Plaintiffs have been, and will continue to be, caused damage as more fully

27 described herein, including but not limited to product failures, dezincification corrosion, leaks,

28 blockages, loss of use and function of the plumbing systems and related improvements and/or appliances

CANEPA RIERY & RUBINO

-13-

1  provided by others, resultant damage to the Subject Homes and work of others (e.g., water loss, damage
2  to framing, drywall and/or other building materials), resultant damage to water quality, economic losses
3  including costs of maintenance and/or repair, and all reasonable fees, costs, interest and/or expenses
4  associated therewith.  These damages and others are expected to increase over time as the defective
5  systems and components continue to fail.

6    47.    As a further direct and proximate result of the breaches of the express warranties by
7  Defendant UPONOR as herein alleged,  Plaintiffs have suffered injuries and/or damages in an amount
8  not fully known but believed to be within the jurisdiction of this Court in that they have been and will
9  hereafter be required to perform works of repair, restoration, and construction to all or portions of the
10  Subject Homes to prevent further damage and to restore the Subject Homes to their proper condition.
11  Plaintiffs will establish the amount of their damages at the time of trial according to proof.

12    48.    As a further direct and proximate result of the breaches of the express warranties by
13  Defendant UPONOR as herein alleged, Plaintiffs have been compelled to resort to litigation against
14  Defendants to judicially resolve their differences.  Plaintiffs request an award of consequential damages,
15  including, but not limited to attorney's fees and costs incurred herein, in amounts to be established at
16  the time of trial, which includes all fees and expenses incurred before the filing of this complaint.

17    49.    Plaintiffs hereby incorporate their prayers for relief as though set forth herein.

18    50.    Plaintiffs are entitled to recover their attorney's fees, costs and expenses pursuant to NRS
19  40.600 et seq., NRS 116.4117, NRS 18.010 and other laws.

20
21                                   **VIII.**
                          **THIRD CAUSE OF ACTION**
22  **(Negligence, Including Negligent Misrepresentation, Failure to Warn/Instruct, Negligent**
                          **Selection and Negligent Installation)**

23    51.    Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint
24  as though fully set forth herein.

25    52.    Plaintiffs allege that Defendants, including DOES and ROES, and each of them, knew
26  or should have known that the high zinc Wirsbo brand plumbing systems and attendant high zinc brass
27  plumbing components were not properly or adequately designed, tested, engineered, marketed,
28  distributed, marked, labeled, represented (including instructions and warnings), selected or installed,

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone: (702) 304-2335 • Facsimile: (702) 304-3336

1   such that Plaintiffs have been substantially damaged or injured thereby, and that said Defendants knew
2   or should have known that the Subject Homes, which contain defective high zinc Wirsbo brand
3   plumbing systems and attendant high zinc brass plumbing components, are defective because they are
4   not, and were not, developed, designed, manufactured, assembled, constructed, plumbed, distributed,
5   marketed, sold and/or warranted in accordance with applicable laws, codes and/or standards of care.

6   53.   Plaintiffs allege that the Defendants, including DOES and ROES, and each of them, were
7   under a duty to exercise ordinary care to avoid reasonably foreseeable harm to Plaintiffs, and knew or
8   should have foreseen with reasonable certainty that Plaintiffs would suffer injury and/or monetary
9   damages as set forth herein.

10   54.   Plaintiffs are informed and believe, and thereon allege, that Defendants, including DOES
11   and ROES, breached said duty by negligently designing, developing, manufacturing, distributing,
12   marketing and/or selling unreasonably unsafe and defective plumbing systems and attendant parts, which
13   were installed and used in the Subject Homes, and/or by selecting and/or installing said plumbing
14   systems and components in the Subject Homes, or causing the same to be installed, in a manner
15   inconsistent with manufacturer's specifications, local, state and national codes and/or standards of
16   performance within the industry, as well as failing to select and/or use materials that are capable of
17   performing in a defect-free manner.

18   55.   Defendants' negligence alleged above includes the failure to provide adequate
19   information to local building code authorities.  Plaintiffs and/or their predecessors in interest are
20   members of the class of persons which the building codes and ordinances were designed to protect.
21   Such violations are negligence per se on the part of Defendants, and each of them.

22   56.   Defendants' negligence includes misrepresentations about the defective plumbing systems
23   and components given to Plaintiffs and/or Plaintiffs' representatives, upon which Plaintiffs or their
24   representatives relied, all to their detriment and damage.

25   57.   As a direct and proximate result of the Defendants' negligence, including DOES and
26   ROES, and each of them as herein above alleged, Plaintiffs have been, and will continue to be, caused
27   damage as more fully described herein, including but not limited to including but not limited to product
28   failures, dezincification corrosion, leaks, blockages, loss of use and function of the plumbing system and

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-3355   Facsimile (702) 304-2236

1  related improvements and/or appliances provided by others, resultant damage to the Subject Homes and

2  work of others (e.g., water loss, damage to framing, drywall and/or other building materials), resultant

3  damage to water quality, economic losses including costs of maintenance and/or repair, and all

4  reasonable fees, costs, interest and/or expenses associated therewith.  These damages and others are

5  expected to increase over time as the defective systems and components continue to fail.

6      58.    As a further direct and proximate result of Defendants' negligence, including DOES and

7  ROES, and each of them as herein above alleged, Plaintiffs have suffered injuries and/or damages in

8  an amount not fully known but believed to be within the jurisdiction of this Court in that they have been

9  and will hereafter be required to perform works of repair, restoration, and construction to all or portions

10  of the Subject Homes to prevent further damage and to restore the Subject Homes to their proper

11  condition. Plaintiffs will establish the amount of their damages at the time of trial according to proof.

12      59.    As a further direct and proximate result of the breaches of Defendants' negligence,

13  including DOES and ROES, and each of them, Plaintiffs have been compelled to resort to litigation

14  against Defendants to judicially resolve their differences. Plaintiffs request an award of consequential

15  damages, including, but not limited to attorney's fees and costs incurred herein, in amounts to be

16  established at the time of trial, which includes all fees and expenses incurred before the filing of this

17  complaint.

18      60.    The damages and/or injuries suffered by Plaintiffs, as set forth herein, are of the kind

19  which ordinarily do not occur in the absence of negligence, negligence per se, carelessness and/or as a

20  result of unworkmanlike conduct.

21      61.    The damages and/or injuries suffered by Plaintiffs, as set forth herein, were caused by an

22  agency or instrumentality over which Defendants had the exclusive right or control, and which was not

23  mishandled or otherwise changed after Defendants relinquished control.

24      62.    The damages and/or injuries suffered by Plaintiffs, as set forth herein, were not due to

25  any voluntary action on the part of Plaintiffs.

26      63.    Defendants have superior knowledge and/or are in a better position to explain the

27  damages and/or injuries suffered by Plaintiffs, as set forth herein.

28

-16-

64.     Plaintiffs incorporate by reference, as if set forth herein, the particular statement of damages described in the prayer for relief.

65.     Plaintiffs are entitled to recover their attorney's fees, costs and expenses pursuant to NRS 40.600 et seq., NRS 116.4117, NRS 18.010 and other laws.

**IX.**
**FOURTH CAUSE OF ACTION**
**(Strict Products Liability)**

66.     Plaintiffs incorporate by reference and reallege each and every Paragraph alleged above, as though fully set forth herein.

67.     At all relevant times herein, Defendants, including DOES and ROES, developed, designed, manufactured, supplied, distributed, marketed, sold, warranted, selected materials and installed, or caused to be installed, defective plumbing systems and component parts as heretofore identified in the Subject Homes, notably defective high zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components that have prematurely failed due to dezincification corrosion, so as to cause the Subject Homes to be in a dangerous, defective, unsafe and unfit condition for habitation.

68.     Defendants knew and/or should have known and expected that their products would be placed in the stream of commerce, and on the market, and would reach Plaintiffs without substantial change and would be installed in the same defective condition in which they were originally designed, manufactured and sold.

69.     At all times relative hereto, Defendants, including DOES and ROES, owed a duty of reasonable care to the Plaintiffs in the design, development, manufacture, distribution, marketing, sale, use, selection and installation of materials in the Subject Homes.

70.     Defendants breached their duties by failing to adequately and properly design, develop, manufacture, distribute, market, sell, select and/or install the plumbing systems and component parts in the Subject Homes in that said system and component parts are defective and/or otherwise unsuitable for use, resulting in failures and damage to Plaintiffs. For example, but not by way of limitation, the plumbing systems and components have failed (dezincified), caused damage to other property, caused blockage, stress corrosion cracking, weeping, leakage, loss of functionality and use and other damages,

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 · Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335   Facsimile (702) 304-2336

-17-

1    as previously set forth.  Defendants also had prior notice and knowledge of said defects and potential

2    damages generally, and failed to act timely and accordingly to remedy these defects.

3         71.     As a direct and proximate result of the foregoing, Plaintiffs have suffered injuries and/or

4    damages in an amount not fully known but believed to be within the jurisdiction of this Court in that they

5    have been and will hereafter be required to perform works of repair, restoration, and construction to all

6    or portions of the Subject Homes to prevent further damage and to restore the Subject Homes to their

7    proper condition.  Plaintiffs will establish the amount of their damages at the time of trial according to

8    proof.

9         72.     As a further direct and proximate result of the foregoing, Plaintiffs have been compelled

10    to resort to litigation against Defendants to judicially resolve their differences.  Plaintiffs request an

11    award of consequential damages, including, but not limited to attorney's fees and costs incurred herein,

12    in amounts to be established at the time fo trial, which includes all fees and expenses incurred before

13    the filing of this complaint.

14         73.     Plaintiffs' damages and/or injuries, as set forth herein, are sufficient circumstantial

15    evidence of proof of the existence of a defect, or an unreasonably dangerous condition, and evidence of

16    a defect, or an unreasonably dangerous condition, is properly inferred under the doctrine of res ipsa

17    loquitur.

18         74.     Plaintiffs hereby incorporate their prayers for relief as though set forth herein.

19         75.     Plaintiffs are entitled to recover their attorney's fees, costs and expenses pursuant to NRS

20    40.600 et seq., NRS 116.4117, NRS 18.010 and other laws.

21                                **X.**
                **FIFTH CAUSE OF ACTION**

22             **(Declaratory and Equitable Relief)**

23         76.     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint

24    as though fully set forth herein.

25         77.     Pursuant to NRS 30.040, any person whose rights, status or other legal relations are

26    affected by a statute is entitled to have the Court determine any question of construction or validity

27    arising under such statute by obtaining a declaration of their rights, status or other legal relations under

28    such statute.

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 · Las Vegas, Nevada 89145-4865
Telephone: (702) 304-2335   Facsimile (702) 304-2336

78.     Pursuant to NRS 30.130, when a party seeks declaratory relief, such as the relief sought herein, any person who has or claims any interest which would be affected by the declaration, shall be made a party to the declaratory relief action.

79.     The purpose of NRS 30.010, *et seq.*, is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and these statutes are to be literally construction and administered (NRS 30.140).

80.     Plaintiffs are informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and Defendants concerning Plaintiffs' rights under NRS 40.600 *et. seq.*; Plaintiffs' rights under other Nevada statutes; Plaintiffs' rights at common law; the sufficiency of UPONOR's NRS Chapter 40 response and Plaintiffs' entitlement to extra-statutory remedies. Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exits by and between Plaintiffs and Defendants concerning the ability of Plaintiffs to bring claims in their representative capacity(ies) or as a class action. The determination of these issues is essential to the administration of justice in this case. Plaintiffs respectfully ask the Court to resolve these issues prior to trial.

81.     Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and Defendants about the scope and/or adequacy of legal rights and remedies available to Plaintiffs pursuant to NRS Chapter 40, pursuant to other Nevada statutes and at common law. The determination of these issues is essential to the administration of justice in this case. Plaintiffs respectfully ask the Court to resolve these issues prior to trial.

82.     Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and Defendants concerning their respective rights and duties in that Plaintiffs claim that Defendants acted negligently, breached express and implied warranties and are strictly liable for the existence of defects in the high zinc Wirsbo brand plumbing systems and attendant high zinc brass plumbing components installed and used in the Subject Homes. The determination of these issues is essential to the administration of justice in this case. Plaintiffs respectfully ask the Court to resolve these issues prior to trial.

83.     Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and Defendants concerning their respective rights and duties in that Plaintiffs claim that they have incurred, and will continue to incur, expenses, including costs of investigation, testing, analysis and repair, all in an amount to be established at the time of trial. Plaintiffs respectfully ask the Court to resolve these issues prior to trial.

84.     Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and Defendants concerning their respective rights and duties in that Plaintiffs claim that as a proximate and legal result of the negligent conduct, breach of warranties and other wrongful conduct of Defendants, and each of them, and the defective conditions affecting the Subject Homes, Plaintiffs have been compelled to resort to litigation to judicially resolve their differences. Plaintiffs request an award of consequential damages, including, but not limited to attorney's fees and costs incurred in such litigation, in amounts to be established at the time of trial, including all fees and expenses incurred before the filing of this Complaint, pursuant to NRS 40.600 *et seq.* NRS 116.4117, NRS 18.010 and other laws. The determination of these issues is essential to the administration of justice in this case. Plaintiffs respectfully ask the Court to resolve these issues prior to trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     For general and special damages pursuant to NRS 40.600 *et seq.* and all other statutory or common law causes of action, as plead in this Complaint, all in an amount in excess of $10,000;

2.     For the costs of repair and/or replacement of defects, in a sum to be determined according to proof;

3.     For extra-statutory damages based on the Defendants' conduct and responses during the NRS Chapter 40 claims process;

4.     For costs and expenditures to correct, cure or mitigate injustices and damages caused or that will be caused by defects and/or deficiencies as set forth in the above Complaint;

5.     Economic losses associated with the defects and/or deficiencies, including loss of use, relocation and alternative housing;

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335   Facsimile (702) 304-2336

-20-

6. For an award of reasonable attorney's fees, costs, expert costs and expenses incurred in investigating the constructional defects in the Subject Homes and prosecuting all of these claims, including all fees and expenses incurred before the filing of this Complaint, pursuant to NRS 40.600 *et seq.*, NRS 116.4117, NRS 18.010 and other laws;

7. For an award of pre-judgment interest on all monetary damages, fees and costs award in this action.

8. For a declaration of the interpretation, construction and applicability of NRS Chapter 116 and NRS 40.600 *et. seq.* as it pertains to the facts and circumstances alleged herein;

9. A declaration that the instant action is properly commenced pursuant to NRS Chapter 116, NRS 40.600 *et seq.*, and at common law, and resolves any and all disputes between Plaintiffs and Defendants which arise out of the constructional defects, conduct, transactions and occurrences set forth in the above Complaint;

10. For a declaratory judgment adjudicating the relative rights and duties of the parties;

11. For such further declaratory and equitable relief as the Court may deem necessary and appropriate under the circumstances; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 · Las Vegas, Nevada 89145-4865
Telephone: (702) 304-1335   Facsimile: (702) 304-2336

-21-

12.     For such further and other relief as the Court may deem, fair, just and proper.

DATED this $\underline{27th}$ day of April, 2011.

CANEPA RIEDY & RUBINO

By: _____
SCOTT K. CANEPA, ESQ.
Nevada State Bar No. 004556
TERRY W. RIEDY, ESQ.
Nevada State Bar No. 003895
851 S. Rampart Blvd., Suite 160
Las Vegas, Nevada 89145

J. Randall Jones (Nev. Bar #1927)
KEMP, JONES & COULTHARD LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89109

Robert C. Maddox (Nev. Bar #4002)
MADDOX, ISAACSON & CISNEROS
3811 W. Charleston Blvd. #110
Las Vegas, Nevada 89102

Francis I. Lynch (Nev. Bar #4515)
LYNCH, HOPPER & SALZANO, LLP
1640 Alta Drive, Suite 11
Las Vegas, Nevada 89106

James D. Carraway, Esq. (Nev. Bar #7642)
CARRAWAY & ASSOCIATES, LLC
7674 West Lake Mead Blvd., Ste. 215
Las Vegas, NV 89128

*Class Counsel*

CLASS ACTION COMPLAINT for declaratory relief

-22-

.

# EXHIBIT 1



GROTEFELD & HOFFMANN
Attorneys At Law

---

March 22, 2010

INTENDED FOR MEDIATION AND SETTLEMENT PURPOSES ONLY---
PROTECTED FROM DISCLOSURE PURSUANT TO ALL APPLICABLE NEVADA
STATUTES INCLUDING, BUT NOT LIMITED TO, NRS 40.680 AND 48.109

*Via E-Mail and U.S. Mail*

Mr. Terry W. Riedy, Esq.
Canepa Riedy & Rubino
851 S. Rampart Blvd. Suite 160
Las Vegas, Nevada 89145

> Re:    Response to Notice of Defect Pursuant to NRS. 40.645: Dakota
>        Homeowners Association

Dear Mr. Riedy:

As you are aware, Grotefeld, Hoffmann, Schleiter, Gordon & Ochoa, LLP, along
with Bremer, Whyte, Brown and O'Meara represent Uponor, Inc. and Wirsbo regarding
certain Clark County, Nevada based claims.  We are in receipt of your NRS Chapter 40
Notice letter dated March 5, 2010, sent on behalf of the Dakota Homeowners Association
pursuant to NRS 40.645, in connection with the 21 buildings consisting of 173 homes
referred to in the March 5, 2010 letter. This correspondence will serve as Uponor and
Wirsbo's initial response, pursuant to 40.645, to that Notice letter.

As Uponor's formal response to your Chapter 40 Notice letter, please be advised
that Uponor <u>declines</u> to undertake repairs related to the claimed condition of the
plumbing system in the residences referenced above.

Your correspondence to Uponor indicates that you are providing the Notice letter
based on NRS 40. Uponor did not serve as a "subcontractor" in connection with the
above referenced development. Furthermore, Uponor does not believe that it qualifies as
a "supplier" for purposes of NRS 40.645 or NRS 40.646 given the definition of
"supplier" as set forth in NRS 40.634.  Consequently, Uponor does not believe that
Chapter 40 is applicable to it for purposes of your correspondence sent pursuant to NRS
40.645.

Mr. Terry W. Riedy, Esq.
March 22, 2010
Page 2

     Notwithstanding Uponor's formal declination of your Chapter 40 notice, we do wish to remain in contact with you regarding this claim and its future handling by your office.

     Should you have any questions with respect to the foregoing, please feel free to contact the us.

       Very truly yours,

       Howard L. Lieber

HLL/sr
cc: Mr. John Schleiter
    Mr. Peter Brown

EXHIBIT "2"

EXHIBIT "2"

Electronically Filed
04/29/2011 08:28:25 AM

*[signature]*

**CLERK OF THE COURT**

1   **SUMM**
    SCOTT K. CANEPA, ESQ.
2   Nevada Bar No. 004556
    TERRY W. RIEDY, ESQ.
3   Nevada State Bar No. 003895
    **CANEPA RIEDY & RUBINO**
4   851 South Rampart Boulevard, Suite 160
    Las Vegas, Nevada 89145-4885
5   Telephone: (702) 304-2335
    Facsimile:  (702) 304-2336
6
    ROBERT C. MADDOX, ESQ.
7   Nevada Bar No. 004002
    TROY L. ISAACSON, ESQ.
8   Nevada Bar No. 006690
    MADDOX, ISAACSON & CISNEROS
9   3811 W. Charleston, Suite 110
    Las Vegas, Nevada 89101
10  Tel. (702) 366-1900
    Fax (702) 366-1999
11
    J. RANDALL JONES, ESQ.
12  Nevada Bar No. 001927
    KEMP JONES & COULTHARD, LLP
13  3800 Howard Hughes Parkway, 17th Floor
    Las Vegas, Nevada 89169
14
    FRANCIS LYNCH, ESQ.
15  Nevada Bar No. 004145
    LYNCH HOPPER & SALZANO, LLP
16  231 S. Third Street, Suite 130
    Las Vegas, Nevada 89101
17
    JAMES C. CARRAWAY, ESQ.
18  Nevada Bar No. 007642
    CARRAWAY & ASSOCIATES, LLC
19  1050 Indigo Drive, Suite 200B
    Las Vegas, Nevada 89145
20  Tel. (702) 632-1580

21  *Attorneys for Plaintiff*

22                      **DISTRICT COURT**

23                  **CLARK COUNTY, NEVADA**

24                            * * *

25  DAKOTA CONDOMINIUM ASSOCIATION, )   CASE NO.    A638395
    INC., a Nevada non-profit community association, )   DEPT. NO.   XXII
26  individually and in its representative capacity; )
    DOE HOMEOWNERS 1 - 200,                        )        *SUMMONS*
27                                                  )
                    Plaintiffs,                     )     UPONOR, INC.
28                                                  )

1      vs.                       )

2  UPONOR, INC., a Delaware corporation; )
    UPONOR CORPORATION, a Finnish )
3  corporation, DOE INDIVIDUALS 1-50; and ROE )
    BUSINESS or GOVERNMENTAL ENTITIES 1- )
4  50, including Nevada corporations,       )
                              )
5           Defendants.       )

6

7  **NOTICE!   YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU**
**WITHOUT BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE**
8  **INFORMATION BELOW.**

9      **TO THE DEFENDANT:** A Complaint has been filed by the Plaintiff(s) against you for the

10  relief set forth in the Complaint.

11      1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you

12  exclusive of the day of service, you must do the following:

13          a.    File with the Clerk of this Court, whose address is shown below, a formal written

14  response to the Complaint in accordance with the rules of the Court.

15          b.    Serve a copy of your response upon the attorney whose name and address is

16  shown below.

17      2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and

18  this Court may enter a judgment against you for the relief demanded in the Complaint, which could

19  result in the taking of money or property or other relief requested in the Complaint.

20      3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly

21  so that your response may be filed on time.

22  Issued at direction of:

23  CANEPA RIEDY & RUBINO           **CLERK OF COURT**

24

25  By:_____       By:_____ APR 0 8 2011

26      SCOTT K. CANEPA, ESQ.       DEPUTY CLERK   Date
    Nevada State Bar No. 004556    County Courthouse

27      TERRY W. RIEDY, ESQ.       200 Lewis Avenue
    Nevada State Bar No. 003895    Las Vegas, Nevada 89155

28      851 S. Rampart Blvd., Suite 160
    Las Vegas, Nevada 89145
    *Attorneys for Plaintiff*

-2-

*CANEPA RIEDY & RUBINO*
*851 South Rampart Boulevard, Suite 160 · Las Vegas, Nevada 89145-4335*
*Telephone (702) 304-2335 · Facsimile (702) 304-2336*

SCOTT K. CANEPA, ESQ., NSB#4556

CANEPA RIEDY & RUBINO
851 SOUTH RAMPART, SUITE 160
LAS VEGAS, NEVADA 89145


(702) 304-2335


DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| DAKOTA CONDOMINIUM ASSOCIATION, INC.            Plaintiffs, <br> vs <br> UPONOR, INC., et al. <br>                    Defendants. | Case No.:   A638395 <br><br> Dept. No.:   XXII |

AFFIDAVIT OF SERVICE OF UPONOR, INC.

GAVIN PETERSON, being duly sworn says: That at all times herein affiant was over 18 years of Age, not a party to or interested in the proceeding in which this affidavit is made. That Affiant received one copy of the SUMMONS and COMPLAINT and served the same by delivering a copy to the Defendant, UPONOR, INC.,
in the following manner:

X____ BY PERSONAL SERVICE to the Registered Agent: DANIEL T. KADLEC, ESQ.


| | |
|---|---|
| Date/Time Served | APRIL 18, 2011, 2:51 PM |
| Served To | DANIEL T. KADLEC, ESQ. |
| Served At | 7900 XERXES AVE S #1700            MINNEAPOLIS, MN 55431 |

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _18th_ day of _April_ , 20 _11_

No Notary is Required per NRS 53.045

Signature of Person Making Service
Served for:
SOUTHERN NEVADA PROCESS SERVICE
9041 S Pecos Rd Ste 4170
Henderson, NV 89074
Telephone (702) 319-5300 Fax 319-5301
Nevada License Number 662

45171

EXHIBIT "3"

EXHIBIT "3"

Electronically Filed
05/17/2011 03:01:15 PM

1  IAFD
   PETER C. BROWN, ESQ.
2  Nevada State Bar No. 5887
   BREMER WHYTE BROWN & O'MEARA LLP
3  7670 WEST LAKE MEAD BOULEVARD
   SUITE 225
4  LAS VEGAS, NV 89128
   TELEPHONE:  (702) 258-6665
5  FACSIMILE:  (702) 258-6662
   pbrown@bremerandwhyte.com
6
   Attorneys for Defendant,
7  UPONOR, INC.

8                          **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10  DAKOTA CONDOMINIUM ASSOCIATION, a      )  Case No. A638395
    Nevada non-profit community association,  )  Dept No.:  XXII
11  individually and in its representative capacity;  )
    DOE Homeowner/Condominium/Community    )  **INITIAL APPEARANCE FEE**
12  Associations 1-10,000; DOE/ROE PERSONS 1-  )  **DISCLOSURE**
    250,00,                                 )
13                                          )
                 Plaintiffs,                )
14                                          )
          vs.                               )
15                                          )
                                            )
16  WIRSBO COMPANY, an Illinois corporation;  )
    UPONOR WIRSBO COMPANY, an Illinois     )
17  company; UPONOR, INC., an Illinois      )
    corporation: UPONOR CORPORATION, a     )
18  Finnish corporation, UPONOR NORTH       )
    AMERICA, INC., a Delaware corporation; DOE  )
19  INDIVIDUALS 1-20,00  and ROE BUSINESS   )
    or GOVERNMENTAL ENTITIES 1-20,000.     )
20                                          )
                 Defendants.                )
21  _____  )

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

C: Program Files Neevia.Com Document Converter temp 1776503 2082045 DOC

1    Pursuant to N.R.S. Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

2  parties appearing in the above-entitled action as indicated below:

3              UPONOR, INC.                        $473.00

4              TOTAL REMITTED:                     $473.00

5  Dated:  May 17, 2011                    BREMER WHYTE BROWN & O'MEARA LLP

6

7                                          By
                                              Peter C. Brown, Esq.
8                                             Nevada State Bar No. 5887
                                              Attorneys for Defendant
9                                             UPONOR, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas  NV  89128
(702) 258-6665

H-1226.018 CFJALD.doc

2

Electronically Filed
05/17/2011 03:02:13 PM

CLERK OF THE COURT

1   iAFD
    PETER C. BROWN, ESQ.
2   Nevada State Bar No. 5887
    BREMER WHYTE BROWN & O'MEARA LLP
3   7670 WEST LAKE MEAD BOULEVARD
    SUITE 225
4   LAS VEGAS, NV 89128
    TELEPHONE:  (702) 258-6665
5   FACSIMILE:  (702) 258-6662
    pbrown@bremerandwhyte.com
6
    Attorneys for Defendant,
7   UPONOR, INC.

8                           **DISTRICT COURT**

9                       **CLARK COUNTY, NEVADA**

10  DAKOTA CONDOMINIUM ASSOCIATION, a    )  Case No. A638395
    Nevada non-profit community association,  )  Dept No.:   XXII
11  individually and in its representative capacity;  )
    DOE Homeowner/Condominium/Community  )  **NOTICE OF APPEARANCE**
12  Associations 1-10.000; DOE/ROE PERSONS 1-  )
    250,00,                                )
13                                         )
                                           )
14              Plaintiffs,                )
                                           )
15        vs.                              )
                                           )
16                                         )
    WIRSBO COMPANY, an Illinois corporation:  )
17  UPONOR WIRSBO COMPANY, an Illinois  )
    company; UPONOR, INC., an Illinois  )
18  corporation; UPONOR CORPORATION, a  )
    Finnish corporation, UPONOR NORTH  )
19  AMERICA. INC., a Delaware corporation; DOE  )
    INDIVIDUALS 1-20.00  and ROE BUSINESS  )
20  or GOVERNMENTAL ENTITIES 1-20,000.  )
                                           )
21              Defendants.                )
                                           )
22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

C:\Program File\Neevia.Com\Document Converter\temp\1776510_2082052.DOC

1  YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that Defendant, UPONOR,

2  INC., is represented by Peter C. Brown, Esq., of Bremer, Whyte, Brown & O'Meara, LLP, as

3  attorneys of record in the instant action and all notices, papers, pleadings, correspondence shall be

4  served upon Peter C. Brown, Esq., on behalf of Defendant, UPONOR, INC., in the above-entitled

5  matter.

6  Dated:  May 17, 2011                    BREMER WHYTE BROWN & O'MEARA LLP

7

8                                         By:
9                                             Peter C. Brown, Esq.
                                              Nevada State Bar No. 5887
10                                            Attorneys for Defendant
                                              UPONOR, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV  89128
(702) 258 6665

2

H:1226 018 CF NOA.doc

EXHIBIT "4"

EXHIBIT "4"

1  PETER C. BROWN, ESQ.
   Nevada State Bar No. 5887
2  BREMER WHYTE BROWN & O'MEARA LLP
   7670 WEST LAKE MEAD BOULEVARD
3  SUITE 225
   LAS VEGAS, NV 89128
4  TELEPHONE:  (702) 258-6665
   FACSIMILE:  (702) 258-6662
5  pbrown@bremerandwhyte.com

6  Attorneys for Defendant,
   UPONOR, INC.
7

8                          **DISTRICT COURT**

9                     **CLARK COUNTY, NEVADA**

10 DAKOTA CONDOMINIUM ASSOCIATION, a      )  Case No. A638395
   Nevada non-profit community association, )  Dept No.:  XXII
11 individually and in its representative capacity; )
   DOE Homeowner/Condominium/Community    )  **DEFENDANT UPONOR, INC.'S**
12 Associations 1-10,000; DOE/ROE PERSONS 1- )  **NOTICE OF REMOVAL OF ACTION**
   250,00,                                 )  **TO THE UNITED STATES DISTRICT**
13                                         )  **COURT FOR THE DISTRICT OF**
                  Plaintiffs,             )  **NEVADA**
14                                         )
            vs.                            )
15                                         )
                                           )
16 WIRSBO COMPANY, an Illinois corporation; )
   UPONOR WIRSBO COMPANY, an Illinois      )
17 company; UPONOR, INC., an Illinois      )
   corporation; UPNOR CORPORATION, a       )
18 Finnish corporation, UPONOR NORTH       )
   AMERICA, INC., a Delaware corporation; DOE )
19 INDIVIDUALS 1-20,00  and ROE BUSINESS   )
   or GOVERNMENTAL ENTITIES 1-20,000,      )
20                                         )
                  Defendants.             )
21 _____ )

22 TO:     DAKOTA CONDOMINIUM ASSOCIATION; and

23 TO:     SCOTT K. CANEPA, ESQ. and TERRY RIEDY, ESQ. of Canepa Riedy & Rubino;
   ROBERT MADDOX, ESQ. and TROY L. ISAACSON, ESQ. of Robert C. Maddox & Associates;
24 J. RANDALL JONES, ESQ. of Kemp Jones & Coulthard, LLP; and FRANCIS LYNCH, ESQ. of
   Lynch, Hopper & Salzano, LLP; JAMES C. CARRAWAY, ESQ. of Carraway & Associates, LLC
25 attorneys for Plaintiff:

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV  89128
(702) 258 6665

H_1226.018 CF Uponor's Removal from State Court.doc

1    **PLEASE TAKE NOTICE** that Defendant UPONOR, INC., has filed a Notice of Removal

2    pursuant to 28 U.S.C. §§ 1332(d)(2)(A), 1441(a) and 1446(a).  A copy of UPONOR, INC.'s

3    Petition for Removal to the United States District Court is attached hereto.

4    Dated:  May 17, 2011                                BREMER WHYTE BROWN & O'MEARA LLP

5

6                                                              By: _____

7                                                                    Peter C. Brown, Esq.
                                                                     Nevada State Bar No. 5887
                                                                     Attorneys for Defendant
8                                                                    UPONOR WIRSBO COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas  NV  89128
(702) 258-6665

H_1226_018 CF Uponor's Removal from State Court.doc